IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:21-cr-174-ECM |
| | ) |
| KELVIN JONES | ) |
| LASHANA NAKIA FOREMAN | ) |
| EDDIE NUNLEY | ) |
| ERRICK ROGERS | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are motions to continue trial filed by Defendants Kelvin Jones (docs. 144 and 149), Lashana Foreman (doc. 148), Eddie Nunley (doc. 151), and Errick Rodgers (doc. 145). Jury selection and trial are presently set on the term of court commencing on February 7, 2022. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

This is multi–defendant conspiracy case with voluminous discovery.  Counsel for the Defendants represent that additional time to adequately review discovery and discuss with their clients the possibility of resolving this matter without the need for a trial.  Further, at least two of defense counsel have tested positive for the COVID virus.  The United States does not oppose a continuance.  Accordingly, the Court concludes that the ends of justice served by continuing trial for these defendants outweigh the best interest of the public and the individual defendants in a speedy trial.

Thus, for good cause, it is

ORDERED that the motions to continue (docs. 144, 145, 148, 149, and 151) are GRANTED, and jury selection and trial are CONTINUED from February 7, 2022 to the criminal term of court set to commence on April 4, 2022 at 10:00 a.m. in Montgomery, Alabama.  All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the April trial term.

Done this 19th day of January, 2022.

                                      /s/Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE